**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 13 PROCEEDING |
| DAVID M. BRIDGES, DEBTOR | CASE NO. 13-00761-ee |

<u>OBJECTION TO CONFIRMED CHAPTER 13 PLAN</u>

COMES NOW, JPMorgan Chase Bank, National Association, a secured creditor under 11 U.S.C. § 506 (a) & (b), in the above entitled Bankruptcy proceeding, by and through its attorney, and hereby submits the following objections to the confirmed Chapter 13 Plan, and in support of said objection states as follows:

I.

That this objecting secured creditor holds that certain Deed of Trust Note with an original Principal Balance of $276,000.00 executed by the Debtor on November 22, 2006, and secured by a Deed of Trust on the residence of the Debtor, filed of record in the Office of the Chancery Clerk of Madison County, Mississippi in Book 2128 at Page 402, and generally described as:

> Lots 5,6, and part of 7, Deerfield Village, Phase 1, Madison County, Mississippi, described as follows:
>
> Beginning at the Southwest Corner of Lot 7 and run North 22 degrees 50 minutes East along the West line of Lot 7 for 115.44 feet to the Northwest Corner of Lot 7; thence run South 71 degrees 37 minutes East along the North line of Lot 7 for 12.44 feet run South 08 degrees 00 minutes West for 114.33 feet to the South line of Lot 7; thence North 75 degrees 13 minutes West for 42.08 feet to the Point of Beginning.

II.

That Debtor's proposed plan (Exhibit A) provides for payment of the Debtor's pre-petition arrearage to JPMorgan Chase Bank, National Association through March 31, 2013 in the amount of $53,500.00. That JPMorgan Chase Bank, National Association duly filed its Proof of Claim (Exhibit B) with arrears due in the amount of $57,993.42.

III.

JPMorgan Chase Bank, National Association objects to its proposed treatment under the plan in that it is a fully secured creditor upon the residence of the Debtor and its claim is not afforded the protection of 11 U.S.C. § 1322(b)(2).

WHEREFORE, JPMorgan Chase Bank, National Association respectfully requests that confirmation of the Chapter 13 plan as submitted by the Debtor be denied or in the alternative the plan be modified accordingly.

                                                Respectfully submitted
                                                SHAPIRO & MASSEY, LLC


                                                /s/ Evan J. Lundy
                                                    Evan J. Lundy

## CERTIFICATE OF SERVICE

I, Evan J. Lundy, of the firm of Shapiro & Massey, LLC, do hereby certify that I have this date provided a copy of the foregoing Objection either by electronic case filing or by United States mail postage pre-paid to the following:

Harold J. Barkley, Jr., Chapter 13 Trustee,
hjb@hbarkley13.com

Elizabeth Johnson Spell, Attorney for the Debtor
1.elizabeth.johnson@gmail.com

Office of the U.S. Trustee
USTPRegion05.JA.ECF@usdoj.gov

David M. Bridges
205 Village Circle
Canton, MS 39046

Suzanne Bridges
205 Village Circle
Canton, MS 39046


Dated: August 7, 2013

                                                  Respectfully submitted
                                                  SHAPIRO & MASSEY, LLC


                                                  /s/ Evan J. Lundy
                                                     Evan J. Lundy

Presented by:
J. Gary Massey, MSB #1920
Evan J. Lundy, MSB# 103044
SHAPIRO & MASSEY, LLC
1910 Lakeland Drive, Suite B
Jackson, MS 39216
Telephone No: (601)981-9299
Facsimile No. (601)981-9288
BK Case No. 13-00761-ee



# SHAPIRO & MASSEY, LLC

ATTORNEYS AT LAW

Gerald M. Shapiro
  Admitted in Illinois & Florida only
David S. Kreisman
  Admitted in Illinois only
J. Gary "Pete" Massey
  Admitted in Mississippi only
Eric C. Miller
  Admitted in Mississippi only
Cynthia D. Cohly
  Admitted in Mississippi only
Evan J. Lundy
  Admitted in Mississippi only

August 7, 2013

David M. Bridges
205 Village Circle
Canton, MS 39046

RE:      David M. Bridges
            Court Case Number:  13-00761-ee
            Loan Number:  1962128727
            S&M File Number:  11-003483

Dear David M. Bridges:

      Enclosed is a copy of the Objection to Proposed Chapter 13 Plan and Confirmation Thereof filed with the Bankruptcy Court on behalf of JPMorgan Chase Bank, National Association.

Very truly yours,

SHAPIRO & MASSEY, LLC

/s/Evan J. Lundy

Evan J. Lundy

Enclosure

David M. Bridges
205 Village Circle
Canton, MS 39046

Suzanne Bridges
205 Village Circle
Canton, MS 39046

# CHAPTER 13 PLAN
## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

Debtor: **David M. Bridges**     SSN: XXX-XX-**7243**        CASE NO.  **13-00761-ee**
Joint Debtor: **N/A**             SSN: XXX-XX-_____         Median Income: ___Above   **X**   **Below**
Address: **205 Village Circle**
          **Canton, MS   39046**

**THIS PLAN DOES NOT ALLOW CLAIMS.   Creditors must file a proof of claim to be paid under any plan that may be confirmed.   The treatment of ALL secured and priority debts must be profided for in this plan.**

**PAYMENT AND LENGTH OF PLAN**
The plan period shall be for a period of **60** months, not to be less than 36 months for below-median income debtor(s), or less than 60 months for above-median income debtors(s).

(A) Debtor shall pay $ **3,352.50** per month to the Chapter 13 Trustee.   Unless otherwise ordered by the Court, an order directing payment shall be issued to:

**Debtor because debtor's income is from self-employment**

(B) Joint Debtor shall pay $_____ monthly to the Chapter 13 Trustee.   Unless otherwise ordered by the Court, an order directing payment shall be issued to Debtor's employer at the following address:

**PRIORITY CREDITORS.**
Filed claims which are not disallowed are to be paid in full or as ordered by the Court as follows:
Internal Revenue Service:         $ **2,000.00**   at $ **33.33**/month
Mississippi Dept. of Revenue:     $_____ at $_____/month
Other/_____:          $_____ at $_____/month

**DOMESTIC SUPPORT OBLIGATION.** DUE TO:**n/a**

POST-PETITION OBLIGATION:   In the amount of $_____ per month beginning_____, To be paid _____direct, _____through payroll deduction, or_____through the plan.

PRE-PETITION ARREARAGE:   In the total amount of $_____through_____which shall be paid in the amount of $_____per month beginning_____.
To be paid_____direct, _____through payroll deduction, or _____through the plan.

**HOME MORTGAGES.**   All claims secured by real property which are to be paid through the plan shall be scheduled below.  Absent an objection by a party-in-interest, the plan will be amended consistent with the proof of claim filed herein, subject to the start date for the continuing monthly mortgage payment proposed herein.

Mtg pmts to **Chase**_____ Beginning **4/2013**  @ **$1,955.22**                    **X** Plan ___Direct
Mtg pmts to _____ Beginning_____ @ $_____     ___Plan ___Direct

Mtg arrears to **Chase**_____     Through  **3/2013**   $ **53,500.00**    @$**891.67**/mo
Mtg arrears to_____Through_____$_____@$_____/mo

Debtor's Initials  **/S/ DB**        Joint Debtor's Initials_____          Chapter 13 Plan, Page 1 of 3

**MORTGAGE CLAIMS TO BE PAID IN FULL OVER PLAN TERM:**

Creditor: **n/a**_____ Approx. amt. due: _____ Int. Rate_____
Property Address:_____Are related taxes and/or insurance escrowed \_\_\_\_Yes \_\_\_\_No

Creditor:_____ Approx. amt. due: _____ Int. Rate_____
Property Address:_____Are related taxes and/or insurance escrowed \_\_\_\_Yes \_\_\_\_No

**NON-MORTGAGE SECURED CLAIMS.** Creditors that have filed claims that are not disallowed are to retain lien(s) pursuant to 11 U.S.C. § 1325(a)(5)(B)(i)(I) until the payment of the debt determined as under non-bankruptcy law or discharge. Such creditors shall be paid as secured claimants the sum set out below or pursuant to other order of the Court. The portion of the claim not paid as secured shall be treated as a general unsecured claim.

| CREDITOR'S NAME | COLLATERAL | 910* CLM | APPROX. AMT. OWED | VALUE | INT. RATE | PAY VALUE OR AMT. OWED |
|---|---|---|---|---|---|---|
| n/a | | | $ | $ | % | |
| n/a | | | $ | $ | | |
| n/a | | | $ | $ | | |

\* The column for _910 CLM_ applies to both motor vehicles and _any other thing of value_ as used in the _hanging paragraph_ of 11 U.S.C. § 1325

**SPECIAL CLAIMANTS** including, but not limited to, co-signed debts, abandonment of collateral, direct payments by Debtor, etc. For all abandoned collateral Debtor will pay $0.00 on the secured portion of the debt. Where the proposal is for payment, creditor mus file a proof of claim to receive proposed payment.

| CREDITOR'S NAME | COLLATERAL | APPROX. AMT. OWED | PROPOSED TREATMENT |
|---|---|---|---|
| **Marine One** | **wrecked bass boat** | **$ 4,245.00** | **abandon/pay 0** |
| n/a | | $ | |

**STUDENT LOANS** which are not subject to discharge pursuant to 11 U.S.C. §§ 523(a)(8) and 1328(c) are as follows (such debts shall not be included in the general unsecured total):

| CREDITOR'S NAME | APPROX. AMT. OWED | CONTRACTUAL MO. PMT. | PROPOSED TREATMENT |
|---|---|---|---|
| **n/a** | $ | $ | |

**SPECIAL PROVISIONS** which may apply to any or all payments to be paid through the plan, including, but not limited to, adequate protection payments:

**GENERAL UNSECURED CLAIMS** total approximately $ **26,248.85** . Such claims must be *timely filed* and not disallowed to receive payment as follows: \_\_\_\_IN FULL (100%), \_\_\_\_%(percent) MINIMUM, or a total distribution of $**5,500.00**_____, with the Trustee to determine the percentage distribution. *Those general unsecured claims not timely filed shall be paid nothing, absent order of the Court.*

Debtor's Initials: **/S/ DB** Joint Debtor's Initials_____ Chapter 13 Plan, Page 2 of **3**

| | |
|---|---|
| Total attorney fee charged: | $ **3,000.00** |
| Attorney fee previously paid: | $  **284.00** |
| Attorney fee to be paid in plan: | $ **2,716.00** |

The payment of administrative costs and aforementioned attorney fees are to be paid pursuant to Court order and/or local rules.

Automobile Insurance Co./Agent          Attorney for Debtor (Name/Address/Phone/Email)

**Elizabeth Johnson Spell, MSB # 102317**
**Robert E. Moorehead, Attorneys at Law, PLLC**
**220 West Jackson Street**
**Ridgeland, MS 39157**
**Tel. 601-956-4557**
**Fax. 601-956-4478**
**Email. l.elizabeth.johnson@gmail.com**

DATED:   3/20/2013

DEBTOR'S SIGNATURE   /S/ David Bridges

JOINT DEBTOR'S SIGNATURE_____

ATTORNEY'S SIGNATURE /S/ Elizabeth Johnson Spell

Chapter 13 Plan, Page 3 of 3

Effective:          October 1, 2011

B 10 (Official Form 10) (12/12)

| UNITED STATES BANKRUPTCY COURT  SOUTHERN DISTRICT OF MISSISSIPPI | PROOF OF CLAIM |
|---|---|
| Name of Debtor: David M. Bridges    Case Number: 13-00761-ee | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
JPMorgan Chase Bank, National Association

**COURT USE ONLY**

Name and address where notices should be sent:

JPMorgan Chase Bank, National Association
Attn: Correspondence Mail
Mail code LA4-5555
700 Kansas Lane
Monroe, LA  71203

Telephone number: 800-981-3792      email: MSBankruptcy@logs.com

☐ Check this box if this claim amends a previously filed claim

**Court Claim Number:** _____
       (If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

JPMorgan Chase Bank, National Association
3415 Vision Drive OH4-7142
Columbus, OH  43219

Telephone number: 800-981-3792      email: MSBankruptcy@logs.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim.  Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**     $310,994.91

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitle to priority, complete item 5.

☒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim.  Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Promissory Note and Mortgage Dated November 22, 2006
   (see instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: XXXXXX8727  Attorney File #: 11-003483 | 3a. Debtor may have scheduled account as: _____ (See instruction #3a) | 3b. Uniform Claim Identifier (optional): _____ (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:**  ☒ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:** 205 Village Circle, Canton, MS 39046

**Value of Property:** $ _____

**Annual Interest Rate** 6.75 %  ☒ Fixed  or  ☐ Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$57,993.42

**Basis for perfection: Deed of Trust**

**Amount of Secured Claim:**    $310,994.91

**Amount of Unsecured Claim:**  $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*), earned within 180 days before the case was filed or debtor's business ceased, whichever is earlier – 11 U.S.C.§507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507(a)(5).

**Amount entitled to priority:**

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507(a)(____).

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.  (See instruction #6)

B 10 (Official Form 10) (12/12)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements or in the case of a claim based on an open-end or revolving consumer credit agreement a statement providing the information required by FRBP 3001©(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of document providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7 and definition of "redacted")*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor   ☒ I am the creditor's authorized agent   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Evan J. Lundy
Title: Attorney
Company: JPMorgan Chase Bank, National Association          /s/Evan J. Lundy          8/6/2013
Address and telephone number if different from notice address above):          (Signature)          (Date)
Shapiro & Massey, LLC
1910 Lakeland Drive
Suite B
Jackson, MS 39216
(601)981-9299     Fax: (601)981-9288
Telephone number:          email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

JPMorgan Chase Bank, National Association, services the loan on the property referenced in this proof of claim. In the event the automatic stay in this case is lifted/set aside, this case dismisses, and/or the debtor obtains a discharge and foreclosure action is commenced on the mortgage property, the foreclosure will be conducted in the name of JPMorgan Chase Bank, National Association. "Note-holder", directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Note-Holder or has been duly endorsed.

# Mortgage Proof of Claim Attachment

If you filed a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See Bankruptcy Rule 3002.1

**Name of debtor**: David M. Bridges  **Case Number:** 13-00761-ee

**Name of creditor:** JPMorgan Chase Bank, National Association   **Last four digits** of any number you use to identify the debtor's account: XXXXXX8727

## Part 1: Statement of Principal and Interest Due as of the Petition Date

**Itemize the principal and interest due on the claim as of the petition date** (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

1. **Principal due** (1) $263,244.62

2. **Interest Due**

| Interest rate | From mm/dd/yyy | To mm/dd/yyy | Amount |
|---|---|---|---|
| 6.75% | 11/01/2010 | 03/06/2013 | $41,670.08 |
| Total interest due as of the petition date | | | $41,670.08 |

   Copy total here ▶ (2) + $41,670.08

3. **Total principal and interest due** (3) $304,914.70

## Part 2: Statement of Prepetition Fees, Expenses, and Charges

**Itemize the fees, expenses and charges due on the claim as of the petition date** (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

| | Description | Dates incurred | | Amount |
|---|---|---|---|---|
| 1. | Late charges | see attachments | (1) | $357.84 |
| 2. | Non-sufficient funds (NSF) fees | | (2) | $0.00 |
| 3. | Foreclosure Attorney fees | see attachments | (3) | $1,017.30 |
| 4. | Foreclosure fees and court costs | | (4) | $0.00 |
| 5. | Advertisement costs | | (5) | $0.00 |
| 6. | Foreclosure mailing cost | | (6) | $0.00 |
| 7. | Title costs | | (7) | $0.00 |
| 8. | Recording fees | | (8) | $0.00 |
| 9. | Appraisal/broker's price opinion fees | | (9) | $0.00 |
| 10. | Property inspection fees | see attachments | (10) | $70.00 |
| 11. | Foreclosure Court Posting Fees | | (11) | $0.00 |
| 12. | Insurance advances (non-escrow) | | (12) | $0.00 |
| 13. | **Escrow shortage or deficiency** (Do not include amounts that are part of any installment payment listed in Part 3). | 12/01/2010 | (13) | $5,957.46 |
| 14. | Property Preservation expenses. Specify:" _____ | | (14) | $0.00 |
| 15. | Other. Specify:  Bankruptcy Fees | | (15) | $0.00 |
| 16. | Other. Specify:  Bankruptcy Costs | | (16) | $0.00 |
| 17. | **Total prepetition fees, expenses, and charges.** Add all of the amounts listed above. | | (17) | $7,402.60 |

## Part 3: Statement of Amount Necessary to Cure Default as of the Petition Date

**Does the installment payment amount include an escrow deposit?**

☐ No.

☒ Yes. Attach to the Proof of Claim form an escrow account statement prepared as of the petition date in a form consistent with applicable nonbankruptcy law.

| | | | | | | |
|---|---|---|---|---|---|---|
| **1. Installment payments due** | Date last payment received by creditor | | 08/15/2012 | | | |
| | Number of installment payments due | (1) | 28 | | | |
| **2. Amount of installment payments due** | 28 @ $1,790.13<br>12/1/10 – 03/01/2013 | + | $50,123.64 | | | |
| **3. Amount of post-petition installment payments allowed as arrearage** | 1 @ $1,790.13<br>04/01/13 - 04/30/13 | + | $1,790.13 | | | |
| | **Total installment payments due as of the petition date** | | $51,913.77 | Copy total here ► | (2) | $51,913.77 |
| **4. Calculation of cure amount** | **Add** total prepetition fees, expenses, and charges | | | Copy total from Part 2 here ► + | | $7,402.60 |
| | **Subtract** total of unapplied funds (funds received but not credited to account) | | | - | | $1,322.95 |
| | **Subtract** amounts for which debtor is entitled to a refund | | | - | | $0.00 |
| | **Total amount necessary to cure default as of the petition date** | | | | (3) | $57,993.42*<br>Plus allowable interest; note rate is 6.75% |

Copy total onto Item 4 of Proof of Claim form